J-S81044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| FOSTER TARVER | : | |
| Appellant | : | No. 875 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 3, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000043-1968

BEFORE: STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 05, 2019**

Appellant, Foster Tarver, appeals from the May 3, 2018, judgment of sentence entered in the Court of Common Pleas of Dauphin County following the trial court's grant of PCRA[1] relief and resentencing of Appellant on his first-degree murder conviction pursuant to ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718 (2016), which held that state courts are required to grant retroactive effect to new substantive rules of federal constitutional law, such as ***Miller v. Alabama***, 567 U.S. 460, 132 S.Ct. 2455 (2012). ***Miller*** held unconstitutional mandatory sentences of life imprisonment without the possibility of parole for offenders, like Appellant, who were under eighteen years of age at the time of their crimes. Additionally, Appellant's counsel has

---

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

---

* Former Justice specially assigned to the Superior Court.

filed a petition seeking to withdraw his representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief"). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history are as follows: On December 2, 1968, Appellant, who was then seventeen years old, acting in concert with Samuel Barlow, Jr., and Sharon Margarett Wiggins, executed an armed robbery of a bank in Harrisburg. During the robbery, Appellant and Wiggins shot a bank customer, causing his death. The trio fled from the bank in a stolen vehicle, but they were apprehended by the police. The money stolen from the bank, totaling $70,000.00, was recovered.

On June 2, 1969, Appellant entered a general plea of guilty to murder, and a three-judge panel conducted a degree-of-guilt hearing. The panel determined that Appellant was guilty of first-degree murder based on a finding that he perpetrated the killing in furtherance of a robbery. The trial court imposed a sentence of death; however, Appellant filed a post-sentence motion, which the trial court granted. Thus, on February 19, 1971, the trial court vacated its original sentence and imposed a sentence of life in prison without the possibility of parole. Thereafter, our Supreme Court affirmed the judgment of sentence.

Between 1978 and 2010, Appellant filed seven PCRA petitions, all of which were denied or dismissed.

On July 16, 2012, he filed his eighth PCRA petition wherein he averred his sentence of life in prison without the possibility of parole was unconstitutional under *Miller*, *supra*. Counsel filed an amended petition arguing that Appellant was entitled to relief under *Miller*, *supra*, as well as *Montgomery*, *supra*. The PCRA court granted relief on this claim based on the "new constitutional right" exception to the PCRA's time-bar. On November 1, 2017, the trial court resentenced Appellant, who was represented by counsel, to forty years to life imprisonment for first-degree murder. On November 24, 2017, despite still being represented by counsel, Appellant filed a *pro se* notice of appeal to this Court.

The trial court forwarded Appellant's notice of appeal to counsel, who failed to file a docketing statement on behalf of Appellant. Accordingly, by order entered on February 6, 2018, this Court filed an order remanding the matter to the trial court for a period of thirty days for a determination as to whether counsel had abandoned Appellant and for the taking of any further action as required to protect Appellant's right to appeal. This Court retained jurisdiction.

On March 16, 2018, Appellant filed a *pro se* "Motion to Modify Sentence *Nunc Pro Tunc*" in which he sought credit for time served. On March 28, 2018,

the trial court entered a "resentencing order" in which it purported to award credit for time served.

By order entered on April 9, 2018, this Court held the trial court lacked jurisdiction when it entered its resentencing order on March 28, 2018, and thus, this Court "stayed" the resentencing order. We further remanded to the trial court to determine whether Appellant wished to proceed with counsel or *pro se* pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1988). Following a **Grazier** hearing, the trial court notified this Court on April 19, 2018, that Appellant wished to proceed with his counsel for purposes of appellate review. On May 1, 2018, counsel filed a notice to withdraw and discontinue Appellant's appeal.

On May 3, 2018, apparently in response to Appellant's March 16, 2018, motion, the proceedings for which this Court "stayed," the trial court granted Appellant's request for resentencing and awarded credit for time served.[2] This timely, counseled appeal followed on May 25, 2018. The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and consequently, no

_____

[2] We note that issues related to credit for time served present a challenge to the legality of sentencing, which is cognizable under the PCRA. **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa.Super. 2004) ("[i]ssues concerning the legality of sentence are cognizable under the PCRA)). Thus, following the discontinuance of Appellant's direct appeal from his November 1, 2017, judgment of sentence, the lower court was permitted to treat Appellant's *pro se* "Motion to Modify Sentence *Nunc Pro Tunc*," the proceedings for which this Court "stayed," as a timely PCRA petition, thus granting relief and awarding credit for time served.

such statement was filed. The trial court filed a brief Pa.R.A.P. 1925(a) opinion. On November 7, 2018, counsel filed in this Court a petition seeking to withdraw his representation, as well as an **Anders** brief. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in **Santiago** stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the **Anders** brief, together with a letter that

- 5 -

advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, counsel contemporaneously filed his petition to withdraw as counsel and **Anders** brief. In his petition, counsel states that after a thorough and conscientious examination of the record he has determined that an appeal herein is wholly frivolous. Additionally, in accordance with **Nischan**, counsel has mailed Appellant a copy of the **Anders** brief and a letter informing him that: (1) he has the right to retain new counsel; (2) he may proceed further with his case *pro se;* and (3) he may raise any points that he deems worthy of the this Court's attention. Counsel attached his conforming correspondence to his petition to withdraw. **See Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005).

In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his reasoning and conclusion that the appeal is wholly frivolous. Accordingly, counsel has substantially complied with all of the technical

requirements of **Anders** and **Santiago**. Therefore, we proceed to examine the issue counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

In the **Anders** brief, counsel raises the issue of whether the trial court's imposition of forty years to life imprisonment for Appellant's first-degree murder conviction is an illegal sentence. Appellant claims there is no authority for the trial court's sentence.

Appellant's claim presents a challenge to the legality of his sentence. "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa.Super. 2014) (brackets and ellipses omitted).

In **Miller**, **supra**, the United States Supreme Court held that the Eighth Amendment's prohibition on cruel and unusual punishment forbids the mandatory imposition of a life without parole sentence for a juvenile offender convicted of homicide.[3] Thereafter, in **Montgomery**, the Court held **Miller**

---

[3] We note the High Court did not foreclose sentencing courts from ever imposing terms of life without parole upon juvenile offenders. **Miller**, **supra**. Instead, it required sentencing courts to consider a juvenile's immaturity and capacity for change, and to refrain from imposing a life without parole term except in extreme cases where the sentencing court determines that the

announced a substantive rule of constitutional law that must be applied retroactively. **See Montgomery**, 136 S.Ct. at 736.

In order to correct Pennsylvania's consequently unconstitutional sentencing scheme, the Legislature enacted 18 Pa.C.S.A. § 1102.1. The statute provides that offenders who were between the ages of fifteen and seventeen at the time of their crimes and convicted of first-degree murder after June 24, 2012, must be sentenced to a maximum term of life imprisonment. **See** 18 Pa.C.S.A. 1102.1(a)(1). The minimum term for that class of offender is 35 years. **See id.**

The new statute did not address the resentencing of juvenile offenders convicted of murder and sentenced to life without parole before June 24, 2012. However, the Pennsylvania Supreme Court held in **Commonwealth v. Batts**, 640 Pa. 401, 163 A.3d 410 (2017) ("**Batts II**"), that juvenile offenders for whom the sentencing court deems life without parole sentences inappropriate, "are subject to a mandatory maximum sentence of life imprisonment as required by section 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing[.]" **Id.** at 421. The Court found that in fashioning a minimum sentence, courts "should be guided by the minimum sentences contained in section 1102.1(a)[.]" **Id.** at

---

juvenile is incapable of rehabilitation. **See id.** In any event, in the case *sub judice*, Appellant was resentenced to forty years to life in prison, and thus, the trial court's sentence permits parole.

458. In doing so, the **Batts II** Court "expressly rejected the claim…that there is no legislatively authorized sentence for juveniles convicted of first-degree murder prior to 2012." **Commonwealth v. Melvin**, 172 A.3d 14, 21 (Pa.Super. 2017) (citation omitted).

Here, Appellant was convicted of first-degree murder and sentenced to life without the possibility of parole in 1971. Appellant was ultimately resentenced in 2018, following **Miller**, **Montgomery**, and **Batts II**, to a term of forty years to life imprisonment.

We find that **Batts II** disproves Appellant's contention that the sentencing court lacked authority to impose a term of forty years to life imprisonment. **Batts II** explicitly directed courts to use 18 Pa.C.S.A. § 1102.1 as a guideline for resentencing juvenile offenders. Further, the Pennsylvania Constitution gives the Pennsylvania Supreme Court "the power to prescribe general rules governing practice, procedure and the conduct of all courts as long as such rules neither abridge, enlarge nor modify the substantive rights of any litigant[.]" **Batts II**, 163 A.3d at 449 (quoting Pa. Const. art. V, § 10). Thus, the trial court had the authority to resentence Appellant pursuant to **Batts II**. Further, **Batts II** required the court to sentence Appellant to a mandatory maximum of life imprisonment. **See id.** at 458. **See also Commonwealth v. Seskey**, 170 A.3d 1105, 1109 (Pa.Super. 2017).

Appellant suggests a *maximum* term of life imprisonment is unconstitutional and affords him no meaningful opportunity for release. Appellant's argument misapprehends Pennsylvania's sentencing scheme.

Pennsylvania utilizes an indeterminate sentencing scheme with a minimum period of confinement and a maximum period of confinement. "In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law…." 42 Pa.C.S.A. § 9756(a). **See also Commonwealth v. Saranchak**, 544 Pa. 158, 675 A.2d 268, 277 n.17 (1996). Here, that maximum period is life imprisonment. Therefore, the sentence imposed, with a maximum period of life, is lawful.

To the extent Appellant meant his *minimum* term is unconstitutional and affords him no meaningful opportunity for release, we note "[t]he maximum term represents the sentence imposed for a criminal offense, with the minimum term merely setting the date after which a prisoner may be paroled." **Martin v. Pennsylvania Bd. of Prob. and Parole**, 576 Pa. 588, 840 A.2d 299, 302 (2003). Here, the trial court noted that, upon resentencing on May 3, 2018, Appellant was given "time credit from December 2, 1968, to October 30, 2017, minus roughly five months[,]" and thus, at the time of resentencing, he was eligible for parole. Trial Court Opinion, filed 8/22/18. In fact, the trial court noted the "the Pennsylvania Board of Probation and Parole [subsequently] sent a letter [to the trial court] indicating that [] Appellant was

released on parole" after the credit for time served was awarded to Appellant. *Id.* at 2 n.2.

After examining the issue contained in the *Anders* brief, we concur with counsel's assessment that the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal." *Yorgey*, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/05/2019